IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRAD ROBERT HIGGINS,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER and CLOSING CASE<br><br>Case No. 2:15-cv-832 BCW<br><br>Magistrate Judge Brooke Wells |

In accordance with Federal Rule of Civil Procedure 73 and based upon the parties' consent,[1] this matter is before the undersigned on Plaintiff Brad Higgins' appeal from the denial of his claim for disability insurance benefits under Title II of the Social Security Act). Mr. Higgins alleges he became disabled beginning November 10, 2009. After review of the parties' briefing, the Administrative Law Judge's (ALJ) decision, the record of proceedings in this case and relevant case law, the undersigned affirms the decision of the Commissioner.

BACKGROUND[2]

Plaintiff was 32 years old in November 2009 when he claims he became disabled nine years after he was involved in a serious motor vehicle accident.[3] Mr. Higgins asserts he is disabled due to a closed head injury, shoulder dislocation, punctured lung, torn aorta, ruptured

---

[1] Docket no. 16.

[2] The parties fully set forth the background of this case, including the medical history, in their memoranda. The court does not repeat this background in full detail. The reader desiring a more extensive history is directed to the record and briefing of the parties.

[3] Tr. 370 (Tr. refers to the transcript of the record before the court).

spleen and broken rib.[4] Plaintiff completed an associate degree in business management and has worked in the past as a courtesy clerk, packager, courier and warehouse worker.[5]

After a hearing held in May 2014, ALJ Mason Harrell issued a decision finding Mr. Higgins not disabled. In following the required sequential five-step evaluation process for disability determinations,[6] the ALJ found Mr. Higgins had the severe impairments of traumatic brain injury, bipolar disorder and shoulder injury. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meet or medically equal a listing. This included an analysis of 12.02 (neurocognitive disorders) and 12.04 (depressive, bipolar and related disorders).

Next, the ALJ found Mr. Higgins had the residual functional capacity to perform a full range of work at all exertional levels but with a large number of nonexertional limitations. These included Mr. Higgins cannot: perform complex or detailed tasks; have reading or math requirements beyond the fifth grade; perform fast-paced tasks [or] quick decision-making; have contact with the public and he must be limited to superficial contact with coworkers and supervisors; perform multi-tasking; perform jobs where occasional slurring of words would interfere; and lift above shoulder level more than occasionally.[7]

At step four the ALJ used this RFC and found Plaintiff could not perform any past relevant work including his work as a warehouse worker.[8] The analysis then moved to step five where the ALJ considered Mr. Higgins' RFC, the VE's testimony and other evidence in the

---

[4] Tr. 271.

[5] Tr. 70.

[6] See 20 C.F.R. § 416.920; *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing five step process).

[7] Tr. 17.

[8] Tr. 25.

record and found Plaintiff could perform other work existing in significant number in the national economy including marking clerk and laundry sorter. Therefore Mr. Higgins was not disabled.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[9] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] It requires more than a scintilla, but less than a preponderance of evidence.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[11] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[12] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[13] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[14] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[15]

---

[9] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).

[10] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

[11] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).

[12] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[13] *Lax*, 489 F.3d at 1084 (citation omitted).

[14] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

[15] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).

DISCUSSION

On appeal Mr. Higgins raises one issue, whether the ALJ erred in his evaluation of the medical opinion evidence from his treating sources?[16] Specifically, Plaintiff takes issue with the ALJ's weighing of the opinions from his treating neurologist Dr. Vernon Kirk and a treating social worker Martha Hamm. The ALJ gave "little weight to the opinion of Dr. Vernon Kirk" and did not give "significant weight" to Martha Hamm.[17]

In a Mental Residual Functional Capacity Statement from January 2013, Dr. Kirk "assessed functional limitations that would prevent [Mr. Higgins} from working."[18] The ALJ noted the assessment was "inconsistent with Dr. Kirk's routine treatment of the claimant every three months" and also inconsistent with the notations that indicated normal neurological findings.[19] The ALJ cited to the inconsistencies with the severity of Dr. Kirk's assessment and Plaintiff's own reports of his abilities, which included caring for his children with some help and teaching a group of teenagers at his church.[20] Finally, the ALJ also pointed to the discrepancies between the rest of the record and Dr. Kirk's opinion and found Dr. Kirk's opinion "less persuasive."[21]

Plaintiff argues the ALJ should have focused on "abnormal testing in the record" including images from a 2001 CT scan and MRI.[22] "These problems [shown by the abnormal tests] are noted just as frequently in Dr. Kirk's treatment notes as the normal test results cited by

---

[16] *See* Pla.'s Opening Brief p. 2, docket no. 19.

[17] Tr. 23.

[18] Tr. 23.

[19] Tr. 23.

[20] Tr. 23.

[21] Tr. 23.

[22] Tr. 368.

the ALJ."[23] Further, Dr. Kirk's opinions are also consistent with "other substantial evidence of record"[24] including that of Martha Hamm LCSW.

The court is not persuaded by Plaintiff's arguments. An ALJ is to consider the consistency of an opinion with the record as a whole.[25] Here the ALJ did so and cited to the inconsistencies in Dr. Kirk's treating notes.[26] The ALJ also found Dr. Kirk's assessed extreme limitations were inconsistent with Mr. Higgins' reported daily activities. Plaintiff's argument that the ALJ should have focused on other tests in the record rather than those he cited to is a guised invitation to reweigh the evidence. The court declines to engage in this reweighing.[27] The court finds the ALJ adequately discussed Dr. Kirk's opinions and provided reasons why he discounted his opinion. Such an analysis is consistent with the proper standards.[28]

Martha Hamm indicated that Plaintiff has odd manners, is depressed and frustrated, has slightly slurred speech, lacks judgment and often verbalized inappropriate thoughts.[29] The ALJ discounted Ms. Hamm's opinion finding her treating relationship with Mr. Higgins not long enough to have "obtained a longitudinal picture of the claimant's medical condition"[30] Ms.

---

[23] Opening brief p. 12.

[24] *Id.* p. 13.

[25] *See* 20 C.F.R. § 404.1527(c)(4) ("Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

[26]

[27] *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("'The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'") (Quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

[28] *See Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir.2007) ("the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight"); *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir.2003) ("Under the regulations, the agency rulings, and our case law, an ALJ must 'give good reasons in [the] notice of determination or decision' for the weight assigned to a treating physician's opinion."); 20 C.F.R. §§ 404.1527 and 416.927 (relevant factors).

[29] Tr. 23.

[30] Tr. 23.

Hamm completed her opinion in November 2011 two months after she first began treating Plaintiff.[31]

In similar fashion to Plaintiff's arguments about the weighing of Dr. Kirk's opinions, the court rejects Plaintiff's arguments about the ALJ's analysis of Ms. Hamm's opinions. The court finds no error in the ALJ's analysis. Indeed Plaintiff fails to note how the ALJ weighed and cited to other evidence in the record in making his decision including opinions of consultative examiners, state agency medical consultants and other doctors that examined Plaintiff.

In short, the ALJ adequately explained his reasoning in discounting the opinions of both Dr. Kirk and Ms. Hamm.[32] Accordingly, the court concludes that substantial evidence supports the ALJ's decision and there was no error in his evaluation of the medical opinion evidence from Mr. Higgins' treating sources.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is affirmed. The Clerk of the Court is directed to close this case.

DATED this 2 February 2017.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[31] Tr. 571.

[32] *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10ht Cir. 2003) (requiring ALJ to give "specific, legitimate reasons" when discounting a medical opinion).